IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| vs. | * | Criminal No. TDC-24-132 |
| KYLE MATTHEW, | * | |
| Defendant. | * | |
| | ****** | |

## GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The Government submits this memorandum in anticipation of the sentencing of Defendant Kyle Matthew ("Matthew" or the "Defendant") for his conviction under 18 U.S.C. § 1001(a)(1) before this Court. The sentencing for Count One of the Information (ECF No. 1) is scheduled for **October 2, 2024 at 9:30 a.m**. The Government respectfully requests that the Court sentence the Defendant to a term of **3 years' supervised probation**. The Government believes that this recommended sentence is sufficient, but not greater than necessary, to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a).

The Government does not seek restitution but asks the Court to impose a $2,000 fine.

## BACKGROUND

### I. PROCEDURAL BACKGROUND

On April 23, 2024, Matthew was charged in an Information (ECF No. 1) with one count of Concealment of a Material Fact from an Officer of the United States, in violation of 18 U.S.C. § 1001(a)(1). On July 3, 2024, Matthew appeared before this Court (ECF No. 8) and entered into a written Plea Agreement (ECF No. 9) with the Government, where he agreed to plead guilty to Count One of the Information. Following the plea, a presentence investigation report ("PSR") (ECF No. 15) was ordered.

1

## II.     FACTUAL BACKGROUND

In the Plea Agreement, the parties stipulated and agreed that, if this case had proceeded to trial, the Government would have proven the following facts beyond a reasonable doubt. *See* ECF No. 9 at Attachment A.

The Defendant, **KYLE MATTHEW ("MATTHEW")** is currently a civilian employee of the United States Navy and was at all relevant times working at Air Test & Evaluation Squadron Twenty-Four (UX-24), Naval Air Warfare Center Aircraft Division (NAWCAD), Patuxent River, Maryland, which focuses on Unmanned Aerial Vehicles (UAV).  From July 2017 until his retirement on December 30, 2020, **MATTHEW** was a commissioned officer in the United States Navy.  Beginning no earlier than 2012, **MATTHEW** began working part-time as a pilot for Company 1.  Prior to 2016, **MATTHEW** was awarded a 2% equity stake in the company for his contribution of custom-built equipment and labor, which stake Company 1 enlarged to 9.95% on January 1, 2021, for **MATTHEW**'s contribution of four custom-built UAVs and other services rendered up through 2018.

In 2020, while **MATTHEW** was an active duty officer, he participated in the preparation of a Justification & Approval (J&A) document for Company 1. The J&A is required by the Federal Acquisition Regulation (FAR) to allow procurement without full and open contracting competition.  The J&A was used to support the Basic Ordering Agreement (BOA) to purchase UAVs for UX-24's counter-drone testing program.  In November 2020, the Navy promulgated a Request for Information soliciting competing proposals from other market players. A competitor to Company 1 submitted the only other proposal, which **MATTHEW** was asked to evaluate and which he deemed as technically insufficient.  Company 1 was awarded the BOA, which provided for up to $6,384,703 over a 3-year ordering period, though Company 1 was ultimately paid only $1,033,395 for services rendered.  At no point during the development of the BOA, J&A, RFI evaluation of the contract did **MATTHEW** disclose his ownership interest in Company 1 to his supervisors or contracting officials.

On November 30, 2023, **MATTHEW** was interviewed by Naval Criminal Investigative Service (NCIS) and Defense Criminal Investigative Service (DCIS) agents at UX-24's offices at Webster Outlying Field, NAS Patuxent River, Maryland. When asked about any outside employment he had engaged in while at UX-24, **MATTHEW** initially avoided disclosing his role with Company 1.  Ultimately, when confronted with pay records Company 1 had submitted to Maryland tax authorities, **MATTHEW** admitted to part-time employment with Company 1.  Significantly, however, **MATTHEW** failed to disclose his ownership interest in Company 1, of which agents only learned one month afterwards when Company 1 submitted a response to a subpoena for records.  Based on the ownership stake and subject material, **MATTHEW**'s knowing and willful omission was material to the conflict of interest investigation.

### III.     STATUTORY SENTENCING FACTORS UNDER 18 U.S.C. § 3553(a)

A sentencing court must follow the three-step process set forth by *Gall v. United States*. *See* 522 U.S. 38 (2007).  First, the court must properly determine the Guideline range.  *See id.* at 49 (citing *Rita v. United States*, 551 U.S. 338, 347-48 (2007)).  Second, the court must determine whether to apply any of the guidelines' departure policy statements to adjust the Guideline range. *See id.* at 49-50.  Third, the court must consider all the factors set forth in 18 U.S.C. § 3553(a), including whether a variance—a sentence outside the advisory guideline system—is warranted. *See id*.

The statutory factors for the Court's consideration under 18 U.S.C. § 3553(a) include: (1) the nature and circumstances of the offense and history and characteristics of the defendant, and (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford deterrence, protect the public, and provide the defendant with needed services.  "In determining the sentence to impose within the guideline range, or whether a departure from the guidelines is warranted, the court may consider, without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law." U.S.S.G. § 1B1.4; *see also* 18 U.S.C. § 3661.  "If the district court decides to impose a sentence outside the guidelines range, it must ensure that its justification supports 'the degree of the variance.'" *United States v. Evans,* 526 F.3d 155, 161 (4th Cir. 2008) (quoting *Gall,* 552 U.S. at 51).  The district court is given "some latitude" and "a degree of deference" to tailor a particular sentence to the circumstances.  *United States v. Green,* 436 F.3d 449, 456-57 (4th Cir. 2006); *United States v. Moreland,* 437 F.3d 424, 433 (4th Cir. 2006)

3

IV.  **GUIDELINES**

Pursuant to U.S.S.G. § 2B1.1, and as correctly noted in the PSR, the applicable base offense level for an 18 U.S.C. § 1001(a)(1) offense is 6, because the statutory maximum penalty is five years' imprisonment.  *See* Plea Agreement ¶ 6(a); PSR ¶ 12.  A 2-level enhancement applies because the Defendant abused a position of public trust in a manner that significantly facilitated the concealment of the offense.  *See* Plea Agreement ¶ 6(b); PSR ¶ 15.  Matthew qualifies for a 2-level reduction for acceptance of responsibility, pursuant to U.S.S.G. §3E1.1(a), and a 2-level reduction for meeting the criteria for a zero-point offender.  *See* Plea Agreement ¶ 6(c)-(d); PSR ¶¶ 18, 19.  Matthew's **total offense level is 4**.  *See* PSR ¶ 20.

Matthew has no criminal history and falls in criminal history Category I.  *See* PSR at ¶ 23.  The resulting advisory Guidelines sentence is **0 to 6 months imprisonment**.  As the PSR notes, pursuant to U.S.S.G. § 5C1.1(b), since the applicable guideline range is in Zone A of the Sentencing Table, a sentence of imprisonment is not required.  *See* PSR ¶ 55.

V.  **RECOMMENDATION**

The Government respectfully recommends a sentence of **3 years' supervised probation**.  The Government submits that such a sentence is sufficient but not greater than necessary to achieve the purposes of sentencing here.  Pursuant to 18 U.S.C. § 3561(a), a defendant can be sentenced to a term of probation.

A.  **Nature & Circumstances of the Offense**

Matthew is a highly educated, former United States Naval officer, and licensed pilot.  The nature of the offense in this case is intertwined with Matthew's extensive resume as he was entrusted with an important evaluation and violated that trust.

As outlined above, Matthew controlled an ownership stake in Company 1.  In 2020, when

the Navy promulgated an RFI soliciting competing proposals for UAVs, Company 1 and a competitor to Company 1 submitted proposals. Matthew was asked to evaluate both proposals, and he deemed the competitor's proposal technically insufficient. Company 1 was awarded the BOA.

In November 2023, Matthew concealed, from federal agents, the true nature of his relationship with Company 1. Most significantly, Matthew was given the opportunity to tell the truth twice, and he willingly chose not to do so both times.

Instead, Matthew initially failed to disclose *any* employment relation with Company 1 and then, when confronted with Company 1's payment records, he admitted only to part-time employment at Company 1. Matthew never admitted, on his own volition, that he was a part owner of Company 1 and had been for many years. Matthew knew he had omitted information and that his omission was wrong.

The nature of Matthew's position at UX-24, his position as a commissioned officer with the United States Navy, and his duty to evaluate the RFI proposals placed him in a position of trust that he abused. Matthew's omission made it impossible for federal agents to accurately assess conflicts of interest.

B. **Respect for the Law and Adequate Deterrence**

Alone and in the aggregate, omissions like the one Matthew made, hinder competitive bidding processes. The recommended sentence and $2,000 fine will serve to deter further conduct from Matthew and others in positions of power and trust. It will demonstrate that no matter one's rank or position, omissions like the one Matthew made are unacceptable and violate federal law.

**VI.   STATEMENT REGARDING WITNESSES**

The Government does not intend to call any witnesses at the sentencing hearing at this time.

**VII.   CONCLUSION**

Considering the factors in 18 U.S.C. § 3553(a), including the nature of the offense and the need to deter criminal conduct and promote respect for the law, the Government respectfully submits that a total of **3 years' supervised probation, a $2,000 fine, and a $100 special assessment** is sufficient but not more than necessary to achieve the purposes of sentencing.

Respectfully Submitted,

Erek L. Barron
United States Attorney

_____

Brooke Oki
Assistant United States Attorney
6500 Cherrywood Lane, Suite 200
Greenbelt, Maryland 20770
Phone: (301) 344-4433
Fax: (301) 344-4516

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of Court via CM/ECF on September 17, 2024, and thereby served counsel for the Defendant on the date of filing.

                                          Respectfully submitted,

                                          Erek L. Barron
                                          United States Attorney

                   By:  _____/s/_____
                                          Brooke Oki
                                          Assistant United States Attorneys